UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JONATHON M. KROKSTROM,

Plaintiff,

v.

Case No. 22-cv-1172-pp

FRANK J. BISIGNANO,

Defendant.

---

**ORDER GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES UNDER 42 U.S.C. §406(b) (DKT. NO. 32)**

---

On May 26, 2023, the court reversed the decision of the Commissioner and remanded the case for further proceedings under Sentence Four of 24 U.S.C. §405(g). Dkt. No. 24. Under the Equal Access to Justice Act (EAJA), the parties stipulated to an award of attorneys' fees in the amount of $6,000, dkt. no. 30, which the court awarded on August 21, 2023, dkt. no. 31. After receiving a favorable decision from the Commissioner, the plaintiff filed this motion for attorneys' fees under 42 U.S.C. §406(b). Dkt. No. 32. The plaintiff's attorney, Donald Chewning, seeks an award in the amount of $19,397.75. Id. at 7. The defendant neither supports nor opposes counsel's request for attorneys' fees. Dkt. No. 34 at 1.

**I. Legal Standard**

An attorney who succeeds in obtaining benefits for a Social Security claimant may recover fees under 42 U.S.C. § 406. "'Section 406(a) governs fees

for representation in administrative proceedings before the Social Security Administration; § 406(b) controls fees for representation in federal court.'" Kopulos v. Barnhart, 318 F. Supp. 2d 657, 660 (N.D. Ill. 2004) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002)). The statute provides for a reasonable fee not to exceed 25% of the past-due benefits awarded to the claimant. Id. at 661. Such fees are deducted from the claimant's benefits and do not constitute an award against the government. Id.

The court must approve any fee under §406(b). Congress did not intend court review to override the claimant and counsel's fee arrangement, but to act as an "independent check" to ensure that the arrangement yielded a reasonable result. Gisbrecht, 535 U.S. at 807. Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. In making its determination, the court may consider the character of the representation and the results obtained, reducing the award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time the counsel spent on the case that the fee would constitute a windfall for the attorney. Id. at 808.

## II. Analysis

Attorney Chewning states that in addition to this case, he also represented the plaintiff in Krokstrom v. Kijakazi, Case No. 21-cv-298 (E.D. Wis.), which involved an appeal of an earlier denial of the same claim for benefits. In Case No. 21-cv-298, upon the stipulation of the parties, Magistrate

Judge Nancy Joseph reversed the decision of the Commissioner and remanded the case for further proceedings under Sentence Four of 24 U.S.C. §405(g). Dkt. No. 32 at ¶2 (citing Case No. 21-cv-298 at Dkt. No. 17).

Attorney Chewning states that on June 13, 2025, the Social Security Administration (SSA) issued a notice that it had withheld 25% of the past due benefits awarded to the plaintiff—$20,370—to pay attorneys' fees. Id. at ¶4. Counsel says that he did not seek fees under §406(b) at the time of the June 13, 2025 notice because the plaintiff had children and the SSA still needed to calculate the amount of auxiliary benefits the children would receive. Id. at ¶5. On August 5, 2025, another attorney who represented the plaintiff on remand before the SSA received approval of his attorneys' fees in the amount of $9,200. Id. at ¶6. On May 8, 2026, the SSA issued a notice stating that it had withheld $8,227.75 for payment of attorneys' fees, which represented 25% of the total amount of auxiliary benefits awarded to the plaintiff's children. Id. at ¶7. Attorney Chewning later received a letter from the SSA stating that it had withheld $19,397.75 for payment of attorneys' fees, which represents the total amounts that the SSA withheld for attorneys' fees on the plaintiff's and plaintiff's children's benefits ($28,597.75) less the fees awarded to the other attorney ($9,200). See id. at ¶¶6-8.

Attorney Chewning filed a copy of his fee agreements with the plaintiff for this case and Case No. 21-cv-298, both of which call for a payment of 25% of the past due benefits awarded to the plaintiff and his family. See Dkt. No. 32-7 at 1, 3. Counsel represents that he performed 27.7 hours of work in this case

and 21.8 hours of work in Case No. 21-cv-298. See Dkt. No. 32 at ¶13; Dkt. No. 32-8 at 1-4. Counsel was awarded $6,000 in fees under the EAJA in this case and $4,360 in fees under the EAJA in Case No. 21-cv-298, and confirmed that he received these amounts. Dkt. No. 32 at ¶16.

Section 406(b) places two limitations on attorney fee awards: a cap of 25% and a reasonableness requirement. The award the plaintiff's counsel has requested satisfies the first of those limitations; it does not exceed the 25% cap. The overall rate of counsel's work in this case and Case No. 21-cv-298 was approximately $392 per hour. The court finds that this rate is reasonable for the benefit provided to the plaintiff; the court previously has permitted payments in excess of $1,000 per hour. Mentecki v. Colvin, Case No. 14-cv-1110, 2019 WL 3323874, *2 (E.D. Wis. July 24, 2019) (citing Peterson v. Colvin, Case No. 12-cv-391 at Dkt. No. 32 (E.D. Wis. Sep. 3, 2015); Kolp v. Colvin, Case No. 12-cv-842, 2015 WL 4623645, at *2 (E.D. Wis. Aug. 3, 2015)). Counsel also obtained favorable results.

The second limitation applies where the plaintiff's attorney receives fees under both the EAJA and §406(b). In that case, the attorney typically must refund to the plaintiff the smaller fee. Gisbrecht, 535 U.S. at 796. And as counsel acknowledges, correctly, "all EAJA awards granted for work performed on a claim must off-set the SSA fees awarded for work performed on the same claim." Kopulos, 318 F. Supp. 2d at 667-68. Here, counsel has asked the court to award a net payment of $9,037.75, reflecting an offset of the total EAJA awarded fees of $10,360 in this case and Case No. 21-cv-298.

The Seventh Circuit Court of Appeals has stated that a "netting" arrangement of the type requested by Attorney Chewning "is 'disfavor[ed]' in light of the Savings Provision's language that anticipates an attorney to claimant refund." O'Donnell v. Saul, 983 F.3d 950, 957 (7th Cir. 2020) (citing Martinez v. Berryhill, 699 F. App'x 775, 776 (10th Cir. 2017)). Counsel says that the netting arrangement requested is warranted because nearly half of the past-due benefits from which his fees are calculated are from the plaintiff's four children. Dkt. No. 32 at ¶17. Attorney Chewning further states that determining to whom the refunded EAJA fees should be sent would be difficult because one of the plaintiff's children now is an adult and is no longer living with the plaintiff. Id. Counsel adds that the plaintiff now is divorced, and he maintains that the "issues of who, where, and how much to pay will be a thorny and perhaps unsolvable problem" and that he "would be without guidance as to how to distribute the [EAJA] fees." Id.

Attorney Chewning has not explained what effect the plaintiff's divorce would have on refunding the EAJA awarded fees to the plaintiff. Nor has counsel explained why the plaintiff's adult child or minor children would be entitled to receive a portion of the EAJA awarded fees. Although counsel has cited several cases where courts exercised discretion to allow for a netting arrangement, none of those cases involved a circumstance similar to the one that counsel describes here. See Ivory v. O'Malley, Case No. 19-cv-635, 2024 WL 2746104, at *4 (E.D. Wis. May 29 (2024) (allowing netting arrangement due to "unique set of circumstances presented in this case" where counsel at the

administrative level incurred a large award "atypical of these cases" while noting that the netting request was "the exception, not the rule"); Hodler v. Kijakazi, No. 21-cv-534, 2022 WL 17251996, at *1 (E.D. Wis. Nov. 28, 2022) (allowing netting arrangement where the total amount of fees sought was for the remaining amount withheld by the SSA); Lopez v. Kijakazi, No. 18-cv-1206, 2021 WL 4653210, at *1 (E.D. Wis. Oct. 7, 2021) (same). Absent a compelling reason for a netting arrangement, the court will grant the plaintiff's motion for attorneys' fees but will require counsel to refund the EAJA award to the plaintiff.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for award of attorney fees under 42 U.S.C. §406(b)(1) and approves an award of $19,397.75. Dkt. No. 32.

The court **ORDERS** that upon receipt of the award, counsel must refund to the plaintiff the $6,000 fee and the $4,360 fee previously awarded under the Equal Access to Justice Act in this case and in Krokstrom v. Kijakazi, Case No. 21-cv-298, Dkt. No. 17 (E.D. Wis.).

Dated in Milwaukee, Wisconsin this 1st day of October, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**